RUOHS v. JARVIS-CONKLIN MORTGAGE TRUST CO. et al.

(Circuit Court, E. D. Tennessee. January 27, 1898.)

REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—MUST EXIST WHEN SUIT IS BEGUN.

Where a bill is filed in a state court against a trustee in a mortgage, who is a citizen of the same state as complainant, and others who are citizens of other states, to restrain a sale under the mortgage, a subsequent resignation of the trust by the trustee does not render the cause removable by the remaining defendants on the ground of diversity of citizenship.

This was a bill for an injunction, filed in the state court by Ruohs against the Jarvis-Conklin Mortgage Trust Company and others, and brought to this court by removal proceedings. Heard on motion to remand.

Brown & Spurlock, for complainant.
W. G. H. Thomas and W. T. Murray, for defendants.

SEVERENS, District Judge. The complainant in this case filed a bill in the state court of Tennessee, alleging that he was the purchaser of one of these tracts of land, and that he had purchased without notice of any incumbrances upon the property, although, in fact, one of these very mortgages that the court has just been dealing with in another case had been executed by Ruohs' grantor, and had been recorded in the proper books of registration. He claimed, as I gather from the pleadings, that that mortgage was invalid upon some or all of the grounds which have been taken in the other case. Trust Co. v. Willhoit, 84 Fed. 514. He set forth that a party by the name of Duffey, who professed to be acting in the interests of the mortgagees as trustee in the deed of trust, had advertised the property for sale, and was about to sell, and that the consequence would be to create a cloud upon his title. Now, in this case, the mortgagor, the party executing the deed of trust, the mortgagee, or rather the trustees named in the deed of trust, the beneficiaries, and Duffey, who was also assuming to act as trustee, were made defendants. The relation of Duffey to the transaction seems to have been this: The deed of trust made Conklin trustee, but authorized him, upon his own resignation, or becoming incompetent, to appoint another trustee, and, in the case of the disability of that second trustee, he (meaning Conklin, according to the proper construction of the deed of trust) should name another trustee to execute the trust. Conklin had, in fact, substituted in his own place, by appointment under that deed of trust, Mr. Jarvis, and Jarvis in turn, assuming that he, instead of Conklin, under the terms of the deed of trust, was authorized to appoint a substitute, appointed Duffey the substituted trustee. That was, no doubt, a mistake in the assumption in reference to the party who was competent to substitute the trustee; but, nevertheless, that was the course which the parties pursued, and Duffey, attempting to act as trustee, was advertising the property for sale, and the bill made him a defendant. After the bill was filed, and service was obtained, Duffey went into the county court, and there resigned his trust, and the relinquishment was accepted by the court. That having been done, two days later the

other defendants filed a petition in the state court, and procured a removal of the cause into this court, and, on that case coming on for hearing, a motion was made to remand it. I have had a little embarrassment in dealing with that motion, because it seems to have been brought on before the former judge, and it is said that he expressed an opinion against the motion. The grounds on which that opinion was based are not very clearly indicated by the opinion. It seems to have been upon the assumption that at the time of the filing of the petition Duffey had dropped out of the case, or become a formal party merely, and that, as the other defendants were all nonresidents of the state, the case might be removed into the federal court. I think he must have overlooked the consideration that Duffey could not, by resigning his office as trustee, get out of the case, and cease to be a party, as well as the further consideration that, in order to entitle the defendants to remove it, the case must have been such, in respect of the citizenship of the parties, at the commencement of the suit, as that it might have been removed. The defendants could not thereafter convert it into a removable one. Believing, then, that he overlooked these propositions, to which he would undoubtedly have given heed had they occurred to him, I feel at liberty to do what I think must be done; that is, remand the case. This Mr. Duffey, as indicated by the allegations of the bill (and it is to these we must refer), was an indispensable party in obtaining the relief which the complainant sought. Under color of this deed of trust, and with the assent and at the instance of the beneficiaries under the deed of trust, he was attempting to foreclose the mortgage as a valid one. We have to look to the claims as asserted in the bill, and the state of affairs as they appear from the allegations of the bill; and it does not seem to be at all disputable that, with the case thus made out by Mr. Ruohs in his bill, Duffey was an indispensable party. He was doing the very thing that brought on the necessity for the injunction which is prayed for. For these reasons, I will direct an order that the case be remanded to the state court.